**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

RAYMOND T. MAHLBERG,

          Plaintiff,

v.                                      Case No:   6:25-cv-456-GAP-LHP

MEDIEVAL TIMES U.S.A., INC.,

          Defendant

_____

## ORDER

Before the Court is Plaintiff Raymond T. Mahlberg's Motion for Entry of Final Default Judgment Against Defendant Medieval Times U.S.A., Inc.   Doc. No. 23. The matter has been referred to the undersigned and is ripe for review.   Upon consideration, the motion (Doc. No. 23) will be denied without prejudice.

## I.    BACKGROUND.

On March 17, 2025, Plaintiff, a legally blind person, filed a single-count complaint against Defendant, the operator of a restaurant chain offering ticketed dinner shows, for alleged violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq.*   Doc. No. 1.   Plaintiff alleges that:   (1) he reads website content with the assistance of screen-reading software; (2) Defendant's website, which Plaintiff attempted to visit to plan trips to and purchase

tickets for dinner shows at Defendant's restaurants, is inaccessible via this software; (3) both Defendant's restaurants and website are places of public accommodation as defined by the ADA; and (4) Defendant denied Plaintiff access to both Defendant's website and restaurants, in violation of the ADA. *Id.* As relief, Plaintiff requests a declaratory judgment determining that Defendant's website violates the ADA; a permanent injunction directing Defendant to alter its website to make it accessible and to continually update and maintain the website to ensure accessibility; that the court retain jurisdiction to ensure Defendant's compliance; and attorneys' fees, costs, and litigation expenses. *Id.* at 17. Plaintiff attaches to the complaint a "Preliminary Accessibility Report" and "DOJ Website Guidance." Doc. Nos. 1-3, 1-4.

On May 27, 2025, Plaintiff filed an amended return of service demonstrating that Defendant was served with a copy of the summons and the complaint via Defendant's registered agent. Doc. No. 16. Defendant did not respond to the complaint, and has not otherwise appeared in this action. Accordingly, on Plaintiff's motion, Clerk's default was entered. Doc. Nos. 19-21.

Now, Plaintiff moves for default judgment. Doc. No. 23. To the present motion, Plaintiff attaches the Affidavit of his attorney Acacia Barros, Esq., along with supporting documents to include counsel's itemized billing records, and various invoices (Doc. No. 23-1), what appears to be a proposed order for injunctive

relief (Doc. No. 23-2), and a proposed order for the present motion (Doc. No. 23-3). Defendant has not responded, and Defendant's time to do so has expired.

## II.    STANDARD OR REVIEW.

The Federal Rules of Civil Procedure establish a two-step process for obtaining default judgment.  First, when a party against whom a judgment for affirmative relief is sought fails to plead or otherwise defend as provided by the Federal Rules of Civil Procedure, and that fact is made to appear by affidavit or otherwise, the Clerk enters default.  Fed. R. Civ. P. 55(a).  Second, after obtaining clerk's default, the plaintiff must move for default judgment.  Fed. R. Civ. P. 55(b). Before entering default judgment, the Court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted.  *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.").[1]

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Supreme Court has explained that a complaint need not contain detailed factual allegations, "but it

---

[1] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions issued prior to October 1, 1981.  *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). This analysis applies equally to motions for default judgment. *De Lotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, at *5 (M.D. Fla. Nov. 24, 2009) (citations omitted).

### III.    ANALYSIS.

Upon review, the present motion has numerous deficiencies. First, the motion fails to contain a memorandum of law, as required by Local Rule 3.01(b). While the motion contains a two-sentence "section" reciting the provisions of the ADA and its implementing regulations that authorize injunctive relief, the motion otherwise is limited to a synopsis of the case's procedural history, along with a brief discussion of the requested fees and costs.

Second, and relatedly, the motion fails to address, much less establish, that Plaintiff has standing to assert his ADA claim. *See Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005) (standing "is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims.") (quotation omitted). The Court is required to consider standing *sua sponte* even if the parties have not raised the issue, because the Court must ensure

that it has jurisdiction over the case before it rules on the merits of a party's claim. *See AT&T Mobility, LLC v. Nat'l Ass'n for Stock Car Auto Racing, Inc.*, 494 F.3d 1356, 1360 (11th Cir. 2007).   Because Plaintiff has not addressed the issue of standing in the present motion, the Court finds that Plaintiff's motion is due to be denied without prejudice.   *See Ariza v. Art Core Furniture LLC*, No. 6:23-cv-519-WWB-DCI, 2023 WL 8113109, at *4 (M.D. Fla. Nov. 22, 2023) (denying without prejudice motion for default judgment on similar ADA Title III claim where plaintiff did not address standing and provided no memorandum of legal authority on the issue).

Third, given the lack of any memorandum of law, the motion also fails to establish Defendant's liability with respect to the asserted ADA claim. [2] Specifically, the motion wholly fails to provide any legal analysis or authority demonstrating that a *prima facie* Title III ADA claim based on Plaintiff's inability to access Defendant's website has been adequately alleged.   And while Plaintiff recites in his motion several factual allegations from the complaint, Doc. No. 23, at 1-4, Plaintiff fails to identify which of those allegations support his claim for relief. *See Petersen v. Windsor Fashions Holdings, LLC*, No. 6:25-cv-0469-JSS-DCI, 2025 WL

---

[2] "Although Rule 55 (b)(1) provides for entry of default judgment by the clerk, courts in this District have nonetheless found it proper to review such motions and then, only if appropriate, direct the entry of judgment."   *Estes Express Lines v. Coverlex, Inc.*, No. 8:19-cv-467-T-36AEP, 2019 WL 13183880, at *1 (M.D. Fla. Apr. 19, 2019) (citing *Color Events, BV v. Multi Talent Agency, Inc.*, No. 6:18-cv-648-Orl-37DCI, 2018 WL 4762973, at *1 (M.D. Fla. Sept. 17, 2018)).

2770883, at * 2 (M.D. Fla. Sept. 26, 2025) (denying without prejudice motion for default judgment because "Plaintiff's citation to Rule 55 and the ADA's general requirements is insufficient to establish that default judgment is warranted in this case. Plaintiff's 'discussion' is two generic sentences regarding the ADA with no connection to the facts.").[3]

Fourth, Plaintiff's proposed request for injunctive relief is overly broad and non-specific.   Plaintiff asks that Defendant be required to:

> a. continually update and maintain the computer version of their websites to ensure ongoing full accessibility and usability by visually impaired individuals;
>
> b. alter their website to achieve full accessibility and usability by individuals with disabilities to the extent mandated by Title III of the ADA;
>
> c. evaluate and neutralize their policies and procedures concerning persons with disabilities for a reasonable duration to enable the completion of necessary corrective measures; [and]
>
> d. adherence to an institutional policy that effectively maintains full compliance with the law[.]

Doc. No. 23-2.

---

[3] Plaintiff's attached proposed order appears to contain some legal authority, but its discussion of the relevant issues in this case is also underdeveloped (*see* Doc. No. 23-3), and in any event, proposed orders are not permitted absent Court order.   Local Rule 3.01(k).

"Pursuant to Rule 65, every injunction must 'state its terms specifically' and 'describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required.' Accordingly, this Court simply cannot enjoin a party 'from discriminating against individuals with disabilities' and order compliance with 'all sections' of the ADA." *Access for the Disabled, Inc. v. Osceola Enters. of Kissimmee, Inc.*, No. 6:09-cv-1805-Orl-31GJK, 2010 WL 2889823, at *1 (M.D. Fla. July 22, 2010) (citing Fed. R. Civ. P. 65). But this is exactly what Plaintiff asks the Court to order, which the Court cannot do. *See Schwalb v. Nice Coin Laundry*, No. 21-cv-23428, 2022 WL 19261, at *1 (S.D. Fla. Jan. 3, 2022) (denying default judgment in part because plaintiff requested nonspecific injunctive relief, including an order "directing Defendant to evaluate and neutralize its policies and procedures towards persons with disabilities").

Fifth, while Plaintiff has provided his counsel's billing records and an affidavit briefly describing his experience, Plaintiff does not provide any evidence about rates billed in similar lawsuits in the Central Florida market, without which, the court cannot determine whether the requested hourly rates are reasonable. *See Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (courts evaluate "reasonableness" of attorneys' fees by examining whether the requested hours rates are consistent with the "prevailing market rate," for which fee applicant must produce "satisfactory evidence" that "speak[s] to rates actually

billed and paid in similar lawsuits" and constitutes "more than the affidavit of the attorney performing the work"); *Martin v. Sabo*, No. 8:22-cv-640-TPB-UAM, 2024 WL 1420471, at *1 (M.D. Fla. Mar. 14, 2024), *report and recommendation adopted*, No. 8:22-cv-640-TPB-UAM, 2024 WL 1417397 (M.D. Fla. Apr. 2, 2024) (reasonable hourly rate for an attorney is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation") (citation omitted).

Sixth and finally, the motion wholly fails to address the requested costs and expenses, including expert fees, beyond listing them and attaching invoices listing total amounts without explanation.   In other words, Plaintiff has not explained why he is entitled to recover such fees and costs, and the Court will not do Plaintiff's job for him.   *See Rossi v. Pocono Point, LLC*, No. 6:08-cv-750-ORL-28KRS, 2008 WL 11336253, at *1 (M.D. Fla. Oct. 29, 2008) (request for fees and costs in default judgment must include a memorandum of law that addresses the legal basis for such award, be supported by evidence, and explain the necessity of those costs). *See also Barberi v. El Brinco Cafe, LLC*, No. 1:18-cv-23731-KMM, 2019 WL 13260551, at * 6 (S.D. Fla. Aug. 22, 2019), *report and recommendation adopted*, No. 1:18-cv-23731-KMM, 2019 WL 13260553 (S.D. Fla. Sept. 13, 2019) (denying request for expert fees where Plaintiff failed to provide documentation explaining how many hours plaintiff's expert spent conducting his inspection or initial report, such as the

expert's sworn statement of time spent or a description of other experts' fees for similar work).

## IV.    CONCLUSION.

For these reasons, Plaintiff's motion (Doc. No. 23) is **DENIED without prejudice**.   Within **twenty-one (21) days** from the date of this Order, Plaintiff may file a renewed motion for default judgment, supported by a memorandum of legal authority demonstrating how the well-pleaded allegations of the complaint establish Plaintiff's entitlement to default judgment, and addressing each of the issues set forth in this Order.   Such motion must also contain any evidence Plaintiff wishes the Court to consider, particularly with respect to the requested fees and costs, and may not incorporate by reference any prior motions.   *See* Local Rule 3.01(h).   Alternatively, within **twenty-one (21) days** of the date of this Order, Plaintiff may file an amended complaint, should he deem it appropriate to do so. **Failure to either file a renewed motion or an amended complaint by this deadline will result in a recommendation to the presiding District Judge that the case be dismissed.**

DONE and **ORDERED** in Orlando, Florida on November 14, 2025.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record