## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

RAYMOND T. MAHLBERG,

      Plaintiff,

      v.                          Case No.:  6:25-cv-00456-GAP-LHP

MEDIEVAL TIMES U.S.A., INC.,

      Defendant,

### ORDER

Before the Court is Plaintiff Raymond T. Mahlberg's Renewed Motion for Entry of Final Default Judgment Against Defendant Medieval Times U.S.A, Inc. Doc. No. 28. On review, the motion (Doc. No. 28) will be denied without prejudice, and Plaintiff will be provided **one final opportunity** to submit a properly supported motion for default judgment.

On March 17, 2025, Plaintiff, a legally blind person, filed a single-count complaint against Defendant, the operator of a restaurant chain offering ticketed dinner shows, for alleged violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq.* Doc. No. 1. Plaintiff alleges that: (1) he reads website content with the assistance of screen-reading software; (2) Defendant's website, which Plaintiff attempted to visit to plan trips to and purchase tickets for dinner shows at Defendant's restaurants, is inaccessible via this software; (3) both

-1-

Defendant's restaurants and website are places of public accommodation as defined by the ADA; and (4) Defendant denied Plaintiff access to both Defendant's website and restaurants, in violation of the ADA. *Id.* As relief, Plaintiff requests a declaratory judgment determining that Defendant's website violates the ADA; a permanent injunction directing Defendant to alter its website to make it accessible and to continually update and maintain the website to ensure accessibility; that the court retain jurisdiction to ensure Defendant's compliance; and attorneys' fees, costs, and litigation expenses. *Id.* at 17. Plaintiff attaches to the complaint a "Preliminary Accessibility Report" and "DOJ Website Guidance." Doc. Nos. 1-3, 1-4.  Clerk's default was entered against Defendant on June 5, 2025.  Doc. Nos. 19-21.

Plaintiff first moved for default judgment on August 19, 2025.  Doc. No. 24. On November 14, 2025, the Court denied this motion without prejudice because: (1) Plaintiff failed to include a memorandum of law as required by Local Rule 3.01(b); (2) Plaintiff failed to address or establish that he had standing to assert his ADA claim; (3) Plaintiff failed to establish Defendant's liability as to the asserted ADA claim; (4) the proposed requested injunctive relief was overly broad and non-specific; (5) Plaintiff failed to establish that the requested hourly rates for his attorney were reasonable and customary for attorneys with similar experience who practice within the Central Florida market; and (6) Plaintiff did not provide any explanation or discussion in support of the requested expenses, including expert

fees.  Doc. No. 27.  The Court's November 14, 2025 Order went into great detail regarding these identified deficiencies, and provided legal authority in support.  *Id.* The Court then gave Plaintiff the following directives:

> Within **twenty-one (21) days** from the date of this Order, Plaintiff may file a renewed motion for default judgment, supported by a memorandum of legal authority demonstrating how the well-pleaded allegations of the complaint establish Plaintiff's entitlement to default judgment, and addressing each of the issues set forth in this Order.  Such motion must also contain any evidence Plaintiff wishes the Court to consider, particularly with respect to the requested fees and costs, and may not incorporate by reference any prior motions.  *See* Local Rule 3.01(h).  Alternatively, within **twenty-one (21) days** of the date of this Order, Plaintiff may file an amended complaint, should he deem it appropriate to do so.  **Failure to either file a renewed motion or an amended complaint by this deadline will result in a recommendation to the presiding District Judge that the case be dismissed.**

*Id.*, at 9 (emphasis in original).

Plaintiff timely-filed his renewed motion on December 5, 2025, to which he attached the Affidavit and resume of his attorney Acacia Barros, Esq., his attorney's billing records, the CV of Plaintiff's expert, Patricia Merlini, a "Sworn Statement" from Ms. Merlini, an invoice for $4,094.00 in expert fees, an invoice for $60.00 in service of process fees, and a copy of the same "Preliminary Accessibility Report" that was attached to Plaintiff's complaint.  Doc. Nos. 28-1, 28-1, 28-3; *see also* Doc. No. 1-3.

Although Plaintiff's renewed motion includes citation to legal authority and a section entitled "Memorandum of Law," it is in many ways a carbon copy of

Plaintiff's first motion, and in some ways worse.  The first nine (9) paragraphs of the renewed motion are identical to those of the original motion (*compare* Doc. No. 23, at 1-4, *with* Doc. No. 28, at 1-4), and Plaintiff again fails to point to any specific allegations in the complaint that establish standing or liability.  Instead, Plaintiff either makes conclusory statements in the motion, or simply refers to the complaint and its attachments as a whole, leaving the Court to guess which allegations relate to which element of either the standing or liability analyses.  *See* Doc. No. 28, at 6-10.  This is insufficient.  *See Hernandez v. Andujar*, No. 8:22-cv-1632-JSM-TGW, 2023 WL 2931712, at *1 (M.D. Fla. Jan. 24, 2023) ("In order to establish liability, the plaintiff must identify the elements of each claim upon which she seeks default judgment, with proper legal citations, and after each element state the admitted facts supporting satisfaction of that element."); *Pinnacle Towers LLC v. airPowered, LLC*, No. 5:15-cv-81-Oc-34PRL, 2015 WL 7351397, at *2 (M.D. Fla. Nov. 20, 2015) (finding the assertion of new facts in motion for default judgment and supporting affidavit was an impermissible attempt to amend the complaint).  *See also Rigby v. Direct Gen. Ins. Co.*, No. 6:22-cv-2109-PGB-DCI, 2023 WL 2894365, at *1 (M.D. Fla. Apr. 11, 2023) ("It is not the Court's role to attempt to determine which of the

-4-

allegations in the [c]omplaint satisfy the elements of the claim.").   Accordingly, Plaintiff continues to fall short in establishing standing and/or liability.[1]

And despite the Court's admonition that Plaintiff's requested injunctive relief was overly broad and non-specific, (Doc. No. 27, at 6-7), Plaintiff's renewed motion inexplicably now omits *any* discussion or legal authority to support injunctive relief. Doc. No. 28.   Rather, Plaintiff simply requests in the "Wherefore" conclusion paragraph that the Court "enjoin the Defendant from violating Title III of the Americans with Disabilities Act of 1990 (the 'ADA') 42 U.S.C. §§s 12181-12189, such that the Defendant takes steps as necessary to bring its Website https://www.medievaltimes.com into substantial compliance with the ADA with respect to the areas of inaccessibility as delineated within the Expert Report." *Id.*, at 15.   The Court presumes that Plaintiff is referring to the "Preliminary Accessibility Report" attached to the complaint and renewed motion (Doc. Nos. 1-3, 28-3), however this document is an unexplained printout full of computer code and undefined terminology, does not identify the specific "areas of inaccessibility,"

---

[1] The Court also notes that Plaintiff argues that "Judges within this District have repeatedly entered final judgment in complaints that contain virtually identical factual and nexus allegations as the Complaint here to sufficiently state claims for relief against the defendants for violations of the ADA." Doc. 28 at 10.  In support of this representation, however, Plaintiff cites exclusively to cases from the Southern District of Florida. *Id.* at 10-11.  The Court reminds Plaintiff that he filed this case in the Middle District of Florida. *See also Aishia Petersen v. Windsor Fashions Holdings LLC d/b/a Windsor*, No. 6:25-cv-469-JSS-DCI, Doc. No. 29, at 2 n.1 (M.D. Fla. Mar. 4, 2026).

and is not otherwise discussed in the renewed motion.  Nor does this document appear to include the information Plaintiff's expert describes in her Sworn Statement.  *See* Doc. No. 28-2, at 2-3.  Thus, not only does Plaintiff fail to support his requested injunction with any applicable legal authority, the information provided wholly fails to comply with Fed. R. Civ. P. 65.  *See also Abdu v. Ovation Bistro & Bar, LLC*, No. 8:25-cv-00620-KKM-NHA, 2025 WL 4659112, at *9 (M.D. Fla. Dec. 29, 2025), *report and recommendation adopted*, 2026 WL 234004 (M.D. Fla. Jan. 29, 2026) ("[I]n order to justify an injunction, a Plaintiff bringing an ADA claim must demonstrate: (1) that [he] has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." (citation and internal quotation marks omitted)).

The renewed motion also again fails to provide any evidence or legal authority suggesting that the hourly rates sought by Plaintiff's attorney are customary and reasonable within the Middle District of Florida.  Rather, Plaintiff only points to hourly rates awarded in the Southern District of Florida.  *See* Doc. No. 28, at 13-14.  Nor does Plaintiff provide any explanation or legal authority to support the requested expenses, in particular the $4,094.00 in expert fees.  *Id.*, at 14.

The Court explained what Plaintiff was required to provide in order to recover fees and expenses, yet Plaintiff has inexplicably ignored those directives.  Doc. No. 27, at 7-8.

The Court advised Plaintiff in the November 14, 2025 Order that the failure to file a renewed motion or amended complaint would result in a recommendation that the case be dismissed.  Doc. No. 27, at 9.  And given the numerous deficiencies in Plaintiff's renewed motion, almost all of which were previously identified and instructions provided on how to rectify, the Court would be well within its authority to issue that recommendation to the Presiding District Judge.  *See, e.g.*, *Petersen v. Culver Franchising Sys., LLC*, No. 6:25-cv-1419-CEM-RMN, 2026 WL 1039664, at *1 (M.D. Fla. Mar. 20, 2026), *report and recommendation adopted*, 2026 WL 1035242 (M.D. Fla. Apr. 16, 2026) (denying motion for default judgment and dismissing case brought by same counsel alleging similar ADA claim, where proposed injunction was identical to the present case, which the court found to be overly broad and non-specific, and noting counsel's numerous similar cases filed in this District and numerous procedural violations in those cases).

That said, the Court notes that Plaintiff at least attempted to provide a memorandum of law, albeit with some jurisdictional misstatements (*e.g.*, Doc. No. 28, at 7, 10-11).  And because it is at least possible that Plaintiff could submit a motion for default judgment that properly supports – by evidence and applicable

-7-

legal authority – each required element for liability, injunctive relief, fees and costs, the Court will provide Plaintiff one last opportunity to do so.

Accordingly, Plaintiff's Renewed Motion for Entry of Default Judgment Against Defendant Medieval Times U.S.A., Inc. (Doc. No. 28) is **DENIED without prejudice**. Plaintiff may file a second renewed motion within **twenty-one (21) days from the date of this Order**. Any such renewed motion must be supported by a memorandum of legal authority demonstrating how the well-pleaded allegations of the complaint establish Plaintiff's entitlement to default judgment, with pinpoint citations to the precise allegations in the complaint, and addressing each of the issues set forth in this Order and the Court's November 14, 2025 Order. Such motion must also contain any evidence Plaintiff wishes the Court to consider, and may not incorporate by reference any prior motions. *See* Local Rule 3.01(h). **Failure to file a renewed motion by this deadline that complies in full with these directives will result in a recommendation to the presiding District Judge that the case be dismissed.**

**DONE** and **ORDERED** in Orlando, Florida on May 19, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

-8-

-9-

Copies furnished to:

Counsel of Record